Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDISON RAUL DE LA CRUZ SAULA, EMERSON RICARDO
MARTINEZ MONTERO, ERICK GEOVANNI LOBORIEL
GARCIA, BARNABE EDUARDO COXOLCA, FERNEY
ANDRES GARCIA BURBANO, GERMAN ISRAEL QUIZHPI
QUIZHPI, LUIS PATRICIO PINGUIL, and MILTON MISAEL
PUNINA QUIZPE, individually and on behalf of all others
similarly situated,

     Plaintiffs,

-against-

OMTA TECH INC, and OMER TALE, IIHAN OEZGAN and
SAHIN YILDIZ, as individuals,

     Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**

JURY TRIAL
REQUESTED

Plaintiffs, **EDISON RAUL DE LA CRUZ SAULA, EMERSON RICARDO MARTINEZ
MONTERO, ERICK GEOVANNI LOBORIEL GARCIA, BARNABE EDUARDO
COXOLCA, FERNEY ANDRES GARCIA BURBANO, GERMAN ISRAEL QUIZHPI
QUIZHPI, LUIS PATRICIO PINGUIL, and MILTON MISAEL PUNINA QUIZPE,**
individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"),
by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to
themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs, individually and on behalf of all others similarly situated, through undersigned
counsel, bring this action against **OMTA TECH INC, and OMER TALE, IIHAN
OEZGAN and SAHIN YILDIZ as individuals**, (hereinafter referred to as "Defendants"),
to recover damages for egregious violations of state and federal wage and hour laws arising

out of Plaintiffs' employment at **OMTA TECH INC** located at 22 Wave Street, Staten Island, New York 10304.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. The Plaintiffs primarily performed work for the Defendants at job sites throughout New York City, including but not limited to: 1 Pennsylvania Plaza, Floor 24, New York, NY 10119; 2 Pennsylvania Plaza, Floors 7 and 8, New York, NY 10121; 3 Pennsylvania Plaza, New York, NY 10001; 500 W 33rd St, New York, NY 10001; 620 5th Ave (Michael Kors), New York, NY 10020; 28 E 28th St, New York, NY 10016; 28th St and Madison Ave, New York, NY 10016; 400 W 14th St, New York, NY 10014; 777 3rd Ave (Rose Associates), New York, NY 10017; 40 Rector St, New York, NY 10006; 1 Wythe Ave, 3rd Floor, Brooklyn, NY 11249; and 16 Dupont St, Brooklyn, NY 11222. At these locations, Plaintiffs performed work for which Plaintiffs alleged they were not properly compensated, forming the basis of the instant lawsuit.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiffs*

8.    Plaintiff **EDISON RAUL DE LA CRUZ SAULA**, residing in Bronx, New York, was employed by Defendants at OMTA TECH INC, from in or around July 2025 until in or around December 2025.

9.    Plaintiff **EMERSON RICARDO MARTINEZ MONTERO,** residing in Hyde Park, New York, was employed by Defendants at OMTA TECH INC, from in or around September 2025 until in or around December 2025.

10.    Plaintiff **ERICK GEOVANNI LOBORIEL GARCIA,** residing in Bronx, New York, was employed by Defendants at OMTA TECH INC, from in or around June 2025 until in or around December 2025.

11.    Plaintiff **BARNABE EDUARDO COXOLCA** residing in Jackson Heights, New York, was employed by Defendants at OMTA TECH INC, from in or around July 2025 until in or around December 2025.

12.    Plaintiff **FERNEY ANDRES GARCIA BURBANO,** residing in Jamaica, New York, was employed by Defendants at OMTA TECH INC, from in or around May 2025 until in or around November 2025.

13.    Plaintiff **GERMAN ISRAEL QUIZHPI QUIZHPI,** residing in Woodside, New York, was employed by Defendants at OMTA TECH INC, from in or around September 2025 until in or around December 2025.

14.    Plaintiff **LUIS PATRICIO PINGUIL,** residing in Richmond Hill, New York, was employed by Defendants at OMTA TECH INC, from in or around June 2025 until in or around December 2025.

15.    Plaintiff **MILTON MISAEL PUNINA QUIZPE,** residing in Richmond Hill, New York, was employed by Defendants at OMTA TECH INC, from in or around October 2025 until in or around December 2025.

*Corporate Defendant*
**OMTA TECH INC**

16.    Defendant OMTA TECH INC is a New York domestic business corporation under the laws of New York with a principal executive office and service of process address at 22 Wave Street, Staten Island, New York 10304.

17.    At all relevant times hereto, Defendant OMTA TECH INC, through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees including Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

18.    Accordingly, at all relevant times hereto, Defendant OMTA TECH INC was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

19.    At all times relevant to the allegations contained in the complaint, Corporate Defendant was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that OMTA TECH INC, (i) has purchased and supplied goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods, equipment and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

*Individual Defendants*
**OMER TALE**

20.    Upon information and belief, at all relevant times hereto, Defendant OMER TALE owns, manages and operates OMTA TECH INC.

21.    Upon information and belief, Defendant OMER TALE is an agent of OMTA TECH INC.

22.    At all relevant times hereto, Defendant OMER TALE is responsible for overseeing the daily operations of OMTA TECH INC.

23.    At all relevant times hereto, Defendant OMER TALE has power and authority over all the final personnel decisions at OMTA TECH INC.

24.    At all relevant times hereto, Defendant OMER TALE has power and authority over all final payroll decisions of OMTA TECH INC, including the Plaintiffs.

25. At all relevant times hereto, Defendant OMER TALE has the exclusive final power to hire the employees of OMTA TECH INC, including the Plaintiffs.

26. At all relevant times hereto, Defendant OMER TALE has exclusive final power over the firing and terminating of the employees of OMTA TECH INC, including the Plaintiffs.

27. At all relevant times hereto, Defendant OMER TALE was responsible for determining, establishing, and paying the wages of all employees of OMTA TECH INC, including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

28. Accordingly, at all relevant times hereto, Defendant OMER TALE was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

### IIHAN OEZGAN and SAHIN YILDIZ

29. Upon information and belief, at all relevant times hereto, Defendants IIHAN OEZGAN and SAHIN YILDIZ were direct supervisors of the Plaintiffs at OMTA TECH INC.

30. Upon information and belief, Defendants IIHAN OEZGAN and SAHIN YILDIZ are the agents of OMTA TECH INC, within the scope of their supervisory duties over Plaintiffs and other employees of OMTA TECH INC.

31. At all relevant times hereto, Defendants IIHAN OEZGAN and SAHIN YILDIZ are responsible for overseeing Plaintiffs' work on a daily basis at OMTA TECH INC.

32. At all relevant times hereto, Defendants IIHAN OEZGAN and SAHIN YILDIZ exercised supervisory authority over Plaintiffs', including providing instructions, monitoring performance, and enforcing workplace rules and policies, as directed by the Corporate Defendants.

33. At all relevant times hereto, Defendants IIHAN OEZGAN and SAHIN YILDIZ participated in payroll decisions of OMTA TECH INC, including with regard to payments made to the Plaintiffs.

34. At all relevant times hereto, Defendants IIHAN OEZGAN and SAHIN YILDIZ have been involved in the hiring, firing and termination of the employees of OMTA TECH INC, including Plaintiffs.

35. Accordingly, at all relevant times hereto, Defendants IIHAN OEZGAN and SAHIN YILDIZ acted as supervisory agents of OMTA TECH INC, within the meaning and the intent of the FLSA, and the NYLL.

**FACTUAL ALLEGATIONS**

**EDISON RAUL DE LA CRUZ SAULA**

36. Plaintiff EDISON RAUL DE LA CRUZ SAULA was employed by Defendants as an electrician, while performing related miscellaneous duties, from in or around July 2025 until in or around December 2025.

37. Plaintiff EDISON RAUL DE LA CRUZ SAULA regularly worked approximately six (6) days per week from in or around July 2025 until in or around December 2025.

38. Plaintiff EDISON RAUL DE LA CRUZ SAULA regularly worked approximately eight-and-a-half (8.5) hours per day for two (2) days per week and approximately twelve-and-a-half (12.5) hours per day for four (4) days per week from in or around July 2025 until in or around December 2025.

39. Thus, Plaintiff was regularly required to work approximately sixty-seven (67) hours per week from in or around July 2025 until in or around December 2025.

40. Plaintiff EDISON RAUL DE LA CRUZ SAULA was paid by Defendants an hourly rate of approximately $25.00 per hour from in or around July 2025 until in or around August 2025, and an hourly rate of approximately $28.00 per hour from in or around August 2025 until in or around December 2025.

41. Although Plaintiff worked approximately sixty-seven (67) hours per week from in or around July 2025 until in or around December 2025, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

42. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around August 2025 until in or around December 2025. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

43. Moreover, Plaintiff was not compensated at all by Defendants for approximately two (2) weeks of his employment.

44. Furthermore, during the relevant statutory period, Plaintiff worked in excess of ten (10) or more hours per day approximately four (4) days per week, however, Defendants failed to pay Plaintiff an additional hour of compensation at the legally prescribed minimum wage

for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

45.   Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

46.   Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

47.   Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

48.   Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

49.   As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

50.   Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

### EMERSON RICARDO MARTINEZ MONTERO

51.   Plaintiff EMERSON RICARDO MARTINEZ MONTERO was employed by Defendants as an electrician, while performing related miscellaneous duties, from in or around September 2025 until in or around December 2025.

52. Plaintiff EMERSON RICARDO MARTINEZ MONTERO regularly worked approximately five (5) days per week from in or around September 2025 until in or around December 2025.

53. Plaintiff EMERSON RICARDO MARTINEZ MONTERO regularly worked approximately eleven (11) hours per day from in or around September 2025 until in or around December 2025.

54. Thus, Plaintiff was regularly required to work approximately fifty-five (55) hours per week from in or around September 2025 until in or around December 2025.

55. Plaintiff EMERSON RICARDO MARTINEZ MONTERO was paid by Defendants an hourly rate of approximately $18.00 per hour from in or around September 2025 until in or around December 2025.

56. Although Plaintiff worked approximately fifty-five (55) hours per week from in or around September 2025 until in or around December 2025, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

57. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around October 2025 until in or around December 2025. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

58. Moreover, Plaintiff was not compensated at all by Defendants for approximately five (5) weeks of his employment.

59. Furthermore, during the relevant statutory period, Plaintiff worked in excess of ten (10) or more hours per day approximately five (5) days per week, however, Defendants failed to pay Plaintiff an additional hour of compensation at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

60. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

61. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

62. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

63. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

64. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

65. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**ERICK GEOVANNI LOBORIEL GARCIA**

66. Plaintiff ERICK GEOVANNI LOBORIEL GARCIA was employed by Defendants as an electrician, while performing related miscellaneous duties, from in or around June 2025 until in or around December 2025.

67. Plaintiff ERICK GEOVANNI LOBORIEL GARCIA regularly worked approximately five (5) days per week from in or around June 2025 until in or around December 2025.

68. Plaintiff ERICK GEOVANNI LOBORIEL GARCIA regularly worked approximately nine (9) hours per day for three (3) days per week and approximately 11 (eleven) hours per day for two (2) days per week from in or around June 2025 until in or around December 2025.

69. Thus, Plaintiff was regularly required to work approximately forty-nine (49) hours per week from in or around June 2025 until in or around December 2025.

70.    Plaintiff ERICK GEOVANNI LOBORIEL GARCIA was paid by Defendants an hourly rate of approximately $22.00 per hour from in or around June 2025 until in or around December 2025.

71.    Although Plaintiff worked approximately forty-nine (49) hours per week from in or around June 2025 until in or around December 2025, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

72.    Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around July 2025 until in or around December 2025. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

73.    Moreover, Plaintiff was not compensated at all by Defendants for approximately four (4) weeks of his employment.

74.    Furthermore, during the relevant statutory period, Plaintiff worked in excess of ten (10) or more hours per day approximately two (2) days per week, however, Defendants failed to pay Plaintiff an additional hour of compensation at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

75.    Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

76.    Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

77.    Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

78.    Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

79.    As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to

identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

80. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## BARNABE EDUARDO COXOLCA

81. Plaintiff BARNABE EDUARDO COXOLCA was employed by Defendants as an electrician, while performing related miscellaneous duties, from in or around July 2025 until in or around December 2025.

82. Plaintiff BARNABE EDUARDO COXOLCA regularly worked approximately five (5) to six (6) days per week from in or around July 2025 until in or around December 2025.

83. Plaintiff BARNABE EDUARDO COXOLCA regularly worked approximately eight-and-a-half (8.5) hours per day for two (2) days per week and approximately ten-and-a-half (10.5) hours per day for three (3) to four (4) days per week from in or around July 2025 until in or around December 2025.

84. Thus, Plaintiff was regularly required to work approximately forty-eight-and-a-half (48.5) to fifty-nine (59) hours per week from in or around July 2025 until in or around December 2025.

85. Plaintiff BARNABE EDUARDO COXOLCA was paid by Defendants an hourly rate of approximately $24.00 per hour from in or around July 2025 until in or around December 2025.

86. Although Plaintiff worked approximately forty-eight-and-a-half (48.5) to fifty-nine (59) hours per week from in or around July 2025 until in or around December 2025, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

87. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around August 2025 until in or around December 2025. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

88. Moreover, Plaintiff was not compensated at all by Defendants for approximately two (2) weeks of his employment.

89. Furthermore, during the relevant statutory period, Plaintiff worked in excess of ten (10) or more hours per day approximately three (3) to four (4) days per week, however, Defendants failed to pay Plaintiff an additional hour of compensation at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

90. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

91. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

92. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

93. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

94. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

95. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay,

and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**FERNEY ANDRES GARCIA BURBANO**

96.    Plaintiff FERNEY ANDRES GARCIA BURBANO was employed by Defendants as an electrician, while performing related miscellaneous duties, from in or around May 2025 until in or around November 2025.

97.    Plaintiff FERNEY ANDRES GARCIA BURBANO regularly worked approximately five (5) days per week from in or around May 2025 until in or around November 2025.

98.    Plaintiff FERNEY ANDRES GARCIA BURBANO regularly worked approximately nine (9) hours per day from in or around May 2025 until in or around November 2025.

99.    Thus, Plaintiff was regularly required to work approximately forty-five (45) hours per week from in or around May 2025 until in or around November 2025.

100.    Plaintiff FERNEY ANDRES GARCIA BURBANO was paid by Defendants an hourly rate of approximately $23.00 per hour from in or around May 2025 until in or around August 2025 and an hourly rate of approximately $25.00 per hour from in or around September 2025 until in or around November 2025.

101.    Although Plaintiff worked approximately forty-five (45) hours per week from in or around May 2025 until in or around November 2025, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

102.    Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around June 2025 until in or around November 2025. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

103.    Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

104.    Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

105. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

106. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

107. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

108. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

### GERMAN ISRAEL QUIZHPI QUIZHPI

109. Plaintiff GERMAN ISRAEL QUIZHPI QUIZHPI was employed by Defendants as an electrician, while performing related miscellaneous duties, from in or around September 2025 until in or around December 2025.

110. Plaintiff GERMAN ISRAEL QUIZHPI QUIZHPI regularly worked approximately five (5) days per week from in or around September 2025 until in or around December 2025.

111. Plaintiff GERMAN ISRAEL QUIZHPI QUIZHPI regularly worked approximately nine (9) hours per day for two (2) days per week and approximately eight (8) hours per week for three (3) days per week from in or around September 2025 until in or around December 2025.

112. Thus, Plaintiff was regularly required to work approximately forty-two (42) hours per week from in or around September 2025 until in or around December 2025.

113. Plaintiff GERMAN ISRAEL QUIZHPI QUIZHPI was paid by Defendants an hourly rate of approximately $26.00 per hour from in or around September 2025 until in or around December 2025.

114. Although Plaintiff worked approximately forty-two (42) hours per week from in or around September 2025 until in or around December 2025, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

115. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around October 2025 until in or around December 2025. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

116. Moreover, Plaintiff was not compensated at all by Defendants for approximately four (4) weeks of his employment.

117. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

118. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

119. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

120. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

121. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

122. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**LUIS PATRICIO PINGUIL**

123. Plaintiff LUIS PATRICIO PINGUIL was employed by Defendants as an electrician, while performing related miscellaneous duties, from in or around June 2025 until in or around December 2025.

124. Plaintiff LUIS PATRICIO PINGUIL regularly worked approximately six (6) days per week from in or around June 2025 until in or around December 2025.

125. Plaintiff LUIS PATRICIO PINGUIL regularly worked approximately ten-and-a-half (10.5) hours per day for four (4) days per week and approximately eight-and-a-half (8.5) hours per day for two (2) days per week from in or around June 2025 until in or around December 2025.

126. Thus, Plaintiff was regularly required to work approximately fifty-nine (59) hours per week from in or around June 2025 until in or around December 2025.

127. Plaintiff LUIS PATRICIO PINGUIL was paid by Defendants an hourly rate of approximately $25.00 per hour from in or around June 2025 until in or around December 2025.

128. Although Plaintiff worked approximately fifty-nine (59) hours per week from in or around June 2025 until in or around December 2025, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

129. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around July 2025 until in or around December 2025. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

130. Moreover, Plaintiff was not compensated at all by Defendants for approximately three (3) weeks of his employment.

131. Furthermore, during the relevant statutory period, Plaintiff worked in excess of ten (10) or more hours per day approximately four (4) days per week, however, Defendants failed to pay Plaintiff an additional hour of compensation at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

132. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

133. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

134. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

135. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

136. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

137. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**MILTON MISAEL PUNINA QUIZPE**

138.    Plaintiff MILTON MISAEL PUNINA QUIZPE was employed by Defendants as an electrician, while performing related miscellaneous duties, from in or around October 2025 until in or around December 2025.

139.    Plaintiff MILTON MISAEL PUNINA QUIZPE regularly worked approximately six (6) to seven (7) days per week from in or around October 2025 until in or around December 2025.

140.    Plaintiff MILTON MISAEL PUNINA QUIZPE regularly worked approximately twelve-and-a-half (12.5) hours per day for three (3) days per week, approximately sixteen (16) hours per day for two (2) days per week and approximately eight-and-a-half (8.5) hours per day for one (1) to two (2) days per week, from in or around October 2025 until in or around December 2025.

141.    Thus, Plaintiff was regularly required to work approximately seventy-eight (78) to eighty-six-and-a-half (86.5) hours per week from in or around October 2025 until in or around December 2025.

142.    Plaintiff MILTON MISAEL PUNINA QUIZPE was paid by Defendants an hourly rate of approximately $24.00 per hour from in or around October 2025 until in or around December 2025.

143.    Although Plaintiff worked approximately seventy-eight (78) to eighty-six-and-a-half (86.5) hours per week from in or around October 2025 until in or around December 2025, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

144.    Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around November 2025 until in or around December 2025. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

145.    Moreover, Plaintiff was not compensated at all by Defendants for approximately three (3) weeks of his employment.

146.    Furthermore, during the relevant statutory period, Plaintiff worked in excess of ten (10) or more hours per day approximately five (5) days per week, however, Defendants failed to pay Plaintiff an additional hour of compensation at the legally prescribed minimum wage

for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

147. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

148. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

149. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

150. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

151. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

152. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

153. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are:

154. Collective Class: All persons who are or have been employed by the Defendants as electricians or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other

than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

155. Upon information and belief, Defendants employed approximately 80 or more employees within the past three years subjected to similar payment structures.

156. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

157. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without appropriate overtime and wage compensation

158. Defendants' unlawful conduct has been widespread, repeated, and consistent.

159. Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and wages.

160. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

161. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and their wages in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

162. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

163. The claims of Plaintiffs are typical of the claims of the putative class.

164. Plaintiffs and his counsel will fairly and adequately protect the interests of the putative class.

165. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

166. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

167. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

168. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

169. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

170. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

171. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

172. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

173. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

174. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

175. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

176.  Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

177.  Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

178.  Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

179.  Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

180.  Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

181.  Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

182.  At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

183.  Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

184.  Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor

185. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

186. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

187. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New York Labor Law

188. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

189. Defendants willfully violated the rights of Plaintiffs by failing to pay their wages owed on a weekly basis in which their wages were earned, in violation of New York Labor Law § 191.

190. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

191. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## SEVENTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

192. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

193. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

194. Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

195. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

196. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

197. Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid wages;

d. Awarding Plaintiffs' unpaid spread of hours compensation;

e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiffs' liquidated damages for Defendants' failure to timely pay Plaintiffs' wages;

g. Awarding Plaintiffs prejudgment and post-judgment interest;

h. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:  May 1, 2026
         Kew Gardens, NY


_Roman Avshalumov_
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDISON RAUL DE LA CRUZ SAULA, EMERSON RICARDO MARTINEZ MONTERO, ERICK GEOVANNI LOBORIEL GARCIA, BARNABE EDUARDO COXOLCA, FERNEY ANDRES GARCIA BURBANO, GERMAN ISRAEL QUIZHPI QUIZHPI, LUIS PATRICIO PINGUIL, and MILTON MISAEL PUNINA QUIZPE, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

OMTA TECH INC, and OMER TALE, IIHAN OEZGAN and SAHIN YILDIZ, as individuals,

Defendants.

**COLLECTIVE ACTION COMPLAINT**

**HELEN F. DALTON & ASSOCIATES, P.C.**
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

*via Secretary of State service:*
**OMTA TECH INC (DOS ID: 5470492)**
22 Wave Street, Staten Island, New York 10304

*Via Personal Service:*
**OMER TALE**
22 Wave Street, Staten Island, New York 10304
29 Lloyd Ln, Lloyd Harbor, NY 11743-9704

**IIHAN OEZGAN**
22 Wave Street, Staten Island, New York 10304
26 Harvey Ave, Staten Island, NY 10314-2124

**SAHIN YILDIZ**
22 Wave Street, Staten Island, New York 10304
61 Miller Ave Fl 1, Elmwood Park, NJ 07407-2129